NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHANIQUE C. WEBB, and DEVANTE A. CROWELL,<br><br>Plaintiffs,<br><br>v.<br><br>RUDOLPH INCORPORATED,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW comes DESHANIQUE C. WEBB ("Deshanique") and DEVANTE A. CROWELL ("DeVante") (collectively "Plaintiffs"), by and through their attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of RUDOLPH INCORPORATED ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiffs are consumers over-the-age of 18, residing in Sacramento, California, which is located within the Eastern District of California.

5. Plaintiffs are "person[s]" as defined by 47 U.S.C. § 153(39).

6. Defendant is a subprime automobile lender offering consumers financing to purchase automobiles.[1] Defendant is a corporation organized under the laws of the state of California with its principal places of business located at 737 Southpoint Boulevard, Suite A, Petaluma, California.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon Plaintiffs' purported past due payments ("subject debt") in connection with a subprime car loan Plaintiffs received from Defendant.

---

[1] https://rudolphinc.net/index.php

10. In the Spring of 2018, Plaintiffs financed the purchase of a 2006 Toyota Sienna through Defendant ("subject vehicle").

11. In approximately July 2018, Plaintiffs fell behind on their payments to Defendant.

12. As soon as they fell behind, Deshanique and DeVante began receiving calls from Defendant to their cellular phones, (916) XXX-6947 and (916) XXX-6236 (respectively), attempting to collect upon the subject debt.

13. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of their respective cellular phones. Plaintiff are and have always been financially responsible for their cellular phone and their services.

14. Defendant has primarily used the telephone number (707) 584-1100 when placing collection calls to Plaintiffs' cellular phones, but upon belief, it has used other numbers as well.

15. Upon information and belief, the above-referenced phone number ending in -1100 is regularly utilized by Defendant during its debt collection activities.

16. During answered calls from Defendant, Plaintiffs would experience prerecorded messages directing them to contact Defendant.

17. When Plaintiffs would not answer Defendant's calls, they would be left prerecorded messages asking that they return Defendant's calls.

18. When Defendant first started calling, the calls were coming in daily and often involved the placing of multiple calls on the same day to Plaintiffs' cellular phones.

19. The calls became so bothersome to Plaintiffs that they demanded that Defendant stop contacting their cellular phones.

20. Despite these demands, Defendant's daily and persistent contacts to Plaintiffs' cellular phones persisted.

3

21. Defendant further placed phone calls to third party references of Plaintiffs seeking to collect upon the subject debt.

22. As Defendant's phone calls were on-going, the subject vehicle was repossessed from Plaintiffs in approximately October 2018.

23. After the subject vehicle was repossessed, Plaintiffs caught up on their payments with Defendant, and the subject vehicle was returned to them.

24. Defendant's phone calls stopped after Plaintiffs became current on their obligations to Defendant.

25. Thereafter, in approximately late 2018-early 2019, Plaintiffs again experienced financial hardship and fell behind on payments to Defendant, resulting in the subject vehicle getting repossessed for a second time.

26. As soon as Plaintiffs fell behind, Defendant's relentless contacts to their cellular phones began again.

27. Plaintiffs reiterated their demands that Defendant stop calling their cellular phones.

28. However, in response to one such request, Defendant advised that the calls will not stop.

29. Despite Plaintiffs repeated demands, Defendant has continued to relentlessly place phone calls using prerecorded messages to Plaintiffs' cellular phones up until the filing of this lawsuit.

30. Plaintiffs have received not less than 75 automated phone calls from Defendant since demanding that it stop contacting them.

31. Frustrated over Defendant's conduct and looking for any way possible to address Defendant's harassing phone calls, Plaintiffs spoke with Wajda regarding their rights, resulting in expenses.

32. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

33. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* an artificial *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

36. Defendant used pre-recorded messages when placing calls to Plaintiffs' cellular phones. Due to the incessant nature of Defendant's phone calls, Plaintiffs repeatedly demanded that Defendant stop contacting them. Yet, Defendant continued to place not less than 75 phone calls using pre-recorded messages to Plaintiffs' cellular phones, in violation of the TCPA.

37. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

38. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, DESHANIQUE C. WEBB and DEVANTE A. CROWELL,

respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

41. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

42. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

**i. Violations of the FDCPA §1692c and §1692d**

44. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

45. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiffs after being notified to stop. This behavior of systematically calling Plaintiffs' phones on a systematic basis in spite of their demands was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing Plaintiffs.

46.  Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs.

47. Defendant further violated § 1692d through its representation that the calls will continue in response to Plaintiffs' requests that the calls cease. Explicitly stating that it would continue its harassing conduct of phone calls constitutes conduct which had the natural consequence of harassing and abusing Plaintiffs, in violation of the FDCPA and RFDCPA.

48. Defendant further violated § 1692c(b) through its repeated contacts with third parties other than Plaintiffs in connection with its debt collection efforts.

### ii. Violations of the FDCPA § 1692e

49. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

50. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

51. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt.  In spite of the fact that Plaintiffs demanded that it stop contacting them, Defendant continued to contact them relentlessly. Instead of putting an end to this harassing behavior, Defendant placed repeated automated calls to Plaintiffs' cellular phones in a deceptive

1  attempt to force them to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them after Plaintiffs notified Defendant to stop calling.

52. Defendant further violated § 1692e and e(10) through its misrepresentations as to its obligation to cease calling Plaintiffs. By affirmatively stating that the calls will not stop in response to Plaintiffs' requests, Defendant misrepresented the nature of its rights and obligation to cease contacting Plaintiffs, in violation of the FDCPA and RFDCPA.

### iii. Violations of FDCPA § 1692f

53. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

54. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiffs after being notified to stop.  Attempting to coerce Plaintiffs into payment by placing voluminous automated phone calls without their permission, and further suggesting that such calls will continue notwithstanding Defendant's lack of permission, is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiffs.

55. Defendant willfully and knowingly violated the RFDCPA.  Defendant was aware that Plaintiff did not wish to be contacted, but yet, it continued to bombard Plaintiff with automated phone calls demanding payment for the subject debt. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

56. As plead in paragraphs 19 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, DESHANIQUE WEBB and DEVANTE CROWELL,

respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiffs statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: July 25, 2019					Respectfully submitted,

							By: /s/ Nicholas M. Wajda
							Nicholas M. Wajda
							WAJDA LAW GROUP, APC
							11400 West Olympic Boulevard, Suite 200M
							Los Angeles, California 90064
							Telephone: (310) 997-0471
							Facsimile: (866) 286-8433
							Email: nick@wajdalawgroup.com